**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **V.** | : | **CRIMINAL NUMBER 13-395-2** |
| | : | |
| | : | |
| **VALENTINO CAVALIERI** | : | |

**DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR VARIANCE**

Valentino Cavalieri, defendant in the above-captioned action, by his counsel, Joseph M. Miller, Deputy Federal Defender, respectfully requests the Court consider the following in anticipation of the sentencing hearing on January 8, 2014:

1. Counsel apologizes to the Court for the late submission of this pleading. Medical issues and the recent show emergency delayed the submission for at least a week. The issues in this matter are few, so this submission will be brief.

2. Mr. Cavalieri has received and reviewed the Presentence Investigation Report with counsel and has filed no objections to the contents of that report or the calculations contained therein. As of this filing, counsel has not received a Sentencing submission for the United States, so a review of that document with Mr. Cavalieri pends.

3. While there are a number of factors for the Court to consider under Section 3553(a), counsel will not iterate them in their entirety. Rather, this submission will be confined to those matters which support mitigation in Mr. Cavalieri's case and a variance from the Guidelines.

4. As is correctly stated in the Report, Mr. Cavalieri is sixty two years of age and stands before the Court with no prior criminal record. The report reveals a lifetime spent almost

entirely as a self-employed building contractor in southern New Jersey. He believes that his exposure to toxic chemicals and dusts during that career, in addition to his life-long smoking habit, have lead to the drastic deterioration of his health. As is noted by the Report and perhaps recalled by the Court, Mr. Cavalieri has severe respiratory problems, suffers from a substantial reduction in his lung capacity, and now has difficulty in engaging in routine life activities. He is under the constant care of a number of physicians and, in addition to his medications, he must utilize portable oxygen on occasion. He is, however, able to function and engage in limited travel. He is advised that his medical condition will in all probability not improve. Under these circumstances, the cost of incarceration in this matter would be substantial in that constant medical care would be necessary. As is correctly noted in paragraph 69 of the Presentence Report, Mr. Cavalieri's medical condition is a factor the Court should consider in fashioning the appropriate disposition in this matter.

5. Mr. Cavalieri's participation in the conduct which led to the instant conviction began with the deterioration of his health. His reunion with his son, Christopher Veit, was the critical event in the time line. After a life of honest work, Mr. Cavalieri was disabled. His son offered him a position in his long-standing internet sales program and Mr. Cavalieri accepted that offer. While Mr. Cavalieri was only involved in the scheme for a relatively short period, he was implicated in a much larger enterprise. He reaped a modest benefit for his labors and was indicted. While it is not questioned that the Government can demonstrate the stipulated loss in this matter, the Presentence Report accurately notes in paragraph 70 that loss is somewhat skewed since the people who purchased the watches knew that they were not purchasing authentic Rolex watches. As a result, it is probable that the Corporation did not lose any customers as a result of this scheme.

6. Since the outset of this investigation, Mr. Cavalieri has admitted his participation in the crime, communicated his intention to enter a plea of guilty expeditiously, and has accepted responsibility for his actions. After a lifetime of honest labor, events led him on an uncharacteristic road. Did he participate in this scheme? He clearly did so. Did he receive a minimal reward for his participation? He clearly did. Is he an evil individual? It is suggested that he is not. Is he a threat to continue this conduct and, as a result, is he a threat to society? Again, he clearly is not since, in addition to his contrition and the shame this conviction has brought after a lifetime of honest labor, he will not now or in the future be in a position to do so.

7. Mr. Cavalieri expects to be punished for his actions. That prospect was clearly covered by the Court in the change of plea proceedings. What is the appropriate sanction? Mr. Cavalieri's age and health, coupled with his absence of any prior criminal activity, are clearly relevant considerations. The general costs of incarceration, as exacerbated by his medical condition, will be substantial. Future deterrence of Mr. Cavalieri does not appear to be at issue. The effect upon other similarly situated is the subject to historical debate.

**WHEREFORE**, for the reasons stated above, Mr. Cavalieri, by his counsel, respectfully requests the Court to fashion a fair and appropriate sentence, considering the advisory Guidelines as tempered by the factors noted above. It is suggested that under all of the facts and circumstances of this case, a non-custodial sentence, under such terms as the Court deems necessary, is appropriate.

Respectfully submitted,

/s/ Joseph M. Miller
JOSEPH M. MILLER
Deputy Federal Defender

# CERTIFICATE OF SERVICE

I, Joseph M. Miller, Deputy Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have served a copy of the Defendant's Sentencing Memorandum and Motion for Variance, by electronic notification or hand delivery to her office, upon Nancy Rue, Assistant United States Attorney, office located at 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106.

/s/ Joseph M. Miller
JOSEPH M. MILLER
Deputy Federal Defender

DATE: January 6, 2014