**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 13-395-MAM-02** |
| | : | |
| | : | |
| | : | |
| **VALENTINO CAVALIERI** | : | |

**GOVERNMENT'S MOTION FOR**
**JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by and through it attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and J. Alvin Stout, III and Nancy Rue, Assistant United States Attorneys, respectfully requests entry of a judgment and preliminary order of forfeiture, and in support of this motion, the United States represents as follows:

1. The Notice of Forfeiture in the Information alleges that the defendant's interest in certain property is forfeitable as a result of the offenses charged in Counts One and Two of the Information.

2. On September 12, 2013, the defendant plead guilty to trafficking in counterfeit goods, in violation of Title 18, United States Code, Section 2320(a), as charged in Count One of the Information.

3. As a result of his guilty plea, the defendant is required, pursuant to Title 18 United States Code, Section 2323, to criminally forfeit his interest in any property, real or personal, used or intended to be used to commit or promote the commission of a violation of Title 18 United States Code, Section 2320(a), as charged in Count One of the Information.

4. The government avers that the following specific property is subject to forfeiture as a result of the defendant pleading guilty to the illegal acts alleged in Count One of the Information, and, based on the facts set forth at the defendant's arraignment and plea hearing, the government has established the requisite nexus between such property and such offenses:

a) 189 counterfeit watches seized from the Chadds Ford office; and

b) 28 counterfeit watches seized from defendant Cavalieri's house.

All pursuant to Title 18, United States Code, Section 2323.

Pursuant to Rule 32.2(b)(2)(B), for the reasons stated above, the government requests that this Court enter the attached Judgment and Preliminary Order of Forfeiture prior to sentencing to allow the parties to suggest revisions or modifications before the Order becomes final as to the defendant under Rule 32.2(b)(4).

The government further requests that it be permitted, in its discretion, to serve the Judgment and Preliminary Order of Forfeiture directly on the defendant, and on any person known to have an interest in the Subject Property, in addition to service upon their attorneys, if they are represented.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

/s/ Nancy Rue
NANCY RUE
Assistant United States Attorney

Date:

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion for Judgment and Preliminary Order of Forfeiture, and proposed Order will be served electronically through the District Court Electronic Case System upon:

JOSEPH M. MILLER
Federal Defender Association
601 Walnut Street, Suite 540 W
The Curtis Center
Philadelphia, PA 19106
Phone: 215-928-1100
Fax: 215-928-1112
Email: joe_miller@fd.org

/s/ Nancy Rue________
NANCY RUE
Assistant United States Attorney

Date:

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 13-395** |
| | : | |
| **VALENTINO CAVALIERI** | : | |

**JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE**

IT IS HEREBY ORDERED THAT:

1. As a result of his guilty plea, the defendant is required, pursuant to Title 18 United States Code, Section 2323, to criminally forfeit his interest in any property, real or personal, used or intended to be used to commit or promote the commission of a violation of Title 18 United States Code, Section 2320(a), as charged in Count One of the Information.

2. The Court has determined that the following specific property is subject to forfeiture as a result of the defendant pleading guilty to the illegal acts alleged in Count One of the Information, and, based on the facts set forth at the defendant's arraignment and plea hearing, the government has established the requisite nexus between such property and such offenses:

a) 189 counterfeit watches seized from the Chadds Ford office; and

b) 28 counterfeit watches seized from defendant Cavalieri's house.

as the property used or intended to be used to commit or promote the commission of the offense for which he pleaded guilty (hereinafter referred to as the "Subject Property").

3. Upon the entry of this Order, the United States is authorized to seize the Subject Property, described at paragraph 2 above, and to dispose of the Subject Property in accordance with Fed. R. Crim. P. 32.2(b)(3).

4. Pursuant to Title 21, United States Code, Section 853(n)(1) and Title 28, United States Code, Section 2461 (c), the United States Government shall put notice on an official internet government forfeiture site for 30 consecutive days, notice of the government's intent to dispose of the Subject Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

5. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject to the Judgment and Preliminary Order of Forfeiture, and to their attorney, if they are represented, as a substitute for published notice as to those persons so notified.

6. Any person, other than defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in

the Subject Property, and for an amendment of the order of forfeiture, pursuant to Title 21 United States Code, Section 853(n)(6).

7. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. See United States v. Bennett, 423 F.3d. 271 (3rd Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

8. Following the disposition of any petition filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rule of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

11. In its discretion, the United States is authorized to serve a copy of this Order directly upon the defendant.

12. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the United States Postal Service ("USPS"), to Homeland Security Investigations, the United States Marshal Service ("USMS"), and to counsel for the parties.

ORDERED this day of , 2014.

______________________________________
HONORABLE MARY A. MCLAUGHLIN
*Judge, United States District Court*