**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 13-395** |
| | : | |
| **CHRISTOPHER VEIT** | : | |

**PRELIMINARY ORDER OF FORFEITURE**

AND NOW, this _____ day of _________________________, 2014, upon consideration of the government's Motion for Judgment and Preliminary Order of Forfeiture, and, for the reasons set forth in the motion, the Court concludes that the motion should be granted, and it is hereby ORDERED as follows:

1. The Motion of United States of America for Judgment and Preliminary Order of Forfeiture is GRANTED.

2. As a result of the defendant pleading guilty as to Count One, charging trafficking in counterfeit goods, in violation of Title 18, United States Code, Section 2320(a) and Count Two, charging mail fraud, in violation of Title 18, United States Code, Section 1341 of the Information, for which the government sought forfeiture, the defendant shall forfeit to the United States all his right, title, and interest in any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offenses, pursuant to Title 18, United States Code, Section 2323(b), as well as Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461(c).

3. The Court has determined based on the facts set forth at the defendant's plea hearing that the following property is subject to forfeiture as a result of the defendant pleading guilty to Counts One and Two, and the government has established the requisite nexus between such property and such offenses:

a. The sum of $1,000,000.00 in United States currency (forfeiture money judgment);

b. 189 counterfeit watches seized from the Chadds Ford office; and

c. 28 counterfeit watches seized from defendant Cavalieri's house.

4. The Court enters a personal forfeiture money judgment against the defendant in the amount of $1,000,000.00, the Court finding this represents the value of property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense, and any property constituting, or derived from, any proceeds obtained directly or indirectly as a result of the offenses charged in Counts One and Two. See United States v. Vampire Nation, 451 F.3d 189, 202-203 (3d Cir. 2006) (an in personam forfeiture money judgment may be entered against the defendant for the full amount of the criminal proceeds); United States v. Voigt, 89 F.3d 1050, 1084, 1088 (3d Cir. 1996) (government entitled to personal money judgment against defendant equal to amount of funds forfeitable).

5. Any property of the defendant located and forfeited to the United States, after any third-party claims to the property have been resolved, shall reduce the defendant's outstanding liability on the personal forfeiture money judgment.

6. Upon entry of this Order, the United States is authorized to seize the property listed above and to conduct any discovery necessary to identify, locate, or dispose of the property subject to forfeiture, in accordance with Federal Rule of Criminal Procedure 32.2(b)(3).

7. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(6) and Title 21, United States Code, Section 853(n)(1), the United States shall put notice on an official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days, notice of the government's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within 30 days of the receipt of actual notice or within 30 days after the last day of publication on the official internet government forfeiture site, whichever is earlier.

8. The United States, to the extent practicable, shall also provide direct written notice to any person known to have alleged an interest in the property that is subject to this Judgment and Preliminary Order of Forfeiture, or to their attorney, if they are represented, as a substitute for published notice as to those persons so notified. If direct written notice is provided, any person having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within 30 days after the notice is received.

9. Any person, other than defendant, asserting a legal interest in the subject property may, within the time periods described above for notice by publication and for direct written notice, petition the court for a hearing, without a jury, to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Order of Forfeiture, pursuant to Title 21, United States Code, Section 853(n)(6).

10. The petition shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

11. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this Judgment and Preliminary Order of Forfeiture shall become final as to the defendant at sentencing and must be made part of the sentence and included in the judgment. See United States v. Bennett, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

12. After the disposition of any petition filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

13. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests.

14. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

15. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the United States Postal Service ("USPS"), the United States Marshal's Service ("USMS"), and to counsel for the parties.

**HONORABLE MARY A. MCLAUGHLIN**
***Judge, United States District Court***

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 13-395** |
| | : | |
| **CHRISTOPHER VEIT** | : | |

**MOTION OF UNITED STATES OF AMERICA**
**FOR JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by and through it attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Nancy Rue, Assistant United States Attorney, requests this Court to enter a Judgment and Preliminary Order of Forfeiture in the above-captioned case. In support of this motion, the government avers as follows:

1. On August 1, 2013, the defendant, Christopher Veit, was charged in an Information with trafficking in counterfeit goods, in violation of Title 18, United States Code, Section 2320(a) (Count One); mail fraud, in violation of Title 18, United States Code, Section 1341 (Count Two); and possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g) (Count Three).

2. The Information contained a Notice of Forfeiture (No. 1) which alleged that the defendant's interest in certain property was forfeitable as a result of the violations set forth in Counts One and Two.

3. The Information contained a Notice of Forfeiture (No. 2) which alleged that the defendant's interest in certain property was forfeitable as a result of the violations set forth in Count Three.

4. On September 25, 2013, the defendant pled guilty to Count One, charging trafficking in counterfeit goods, in violation of Title 18, United States Code, Section 2320(a); Count Two, charging mail fraud, in violation of Title 18, United States Code, Section 1341; and Count Three, charging possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g) of the Information.

5. As a result of the defendant pleading guilty to Counts One and Two, pursuant to Title 18, United States Code, Section 2323, Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461, the defendant is required to criminally forfeit his interest in any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offenses and any property constituting, or derived from, any proceeds obtained directly or indirectly as a result of such offenses.

6. Based on the evidence already in the record and information presented at the defendant's plea hearing on the forfeiture allegations in the Information, the following property is subject to forfeiture as a result of the defendant pleading guilty to the illegal acts alleged in Counts One and Two, and the government has established the requisite nexus between such property and such offenses:

a. The sum of $1,000,000.00 in United States currency (forfeiture money judgment);

b. 189 counterfeit watches seized from the Chadds Ford office; and

c. 28 counterfeit watches seized from defendant Cavalieri's house.

7. The government requests that, based on the evidence already in the record surrounding the violations of Counts One and Two, this Court enter, against the defendant, a personal forfeiture money judgment in the amount of $1,000,000.00. This amount represents the value of the monies constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One and Two. See United States v. Vampire Nation, 451 F.3d 189, 202-203 (3d Cir. 2006) (an in personam forfeiture money judgment may be entered against the defendant for the full amount of the criminal proceeds); United States v. Voigt, 89 F.3d 1050, 1084, 1088 (3d Cir. 1996) (government entitled to personal money judgment against defendant equal to amount of funds forfeitable).

8. Any property of the defendant located and forfeited to the United States, after any third-party claims to the property have been resolved, shall reduce the defendant's outstanding liability on the personal forfeiture money judgment.

9. The government, therefore, requests that this Court enter, against the defendant, a forfeiture money judgment in the amount of $1,000,000.00.

10. The government also seeks authority to seize such property pursuant to Title 21, United States Code, Section 853(g) and Federal Rule of Criminal Procedure 32.2(b)(3).

11. The government further requests authority to conduct discovery in accordance with Federal Rule of Criminal Procedure 32.2(b)(3), and to undertake publication of the Judgment and Preliminary Order of Forfeiture and to notify potential third-party claimants pursuant to Federal Rule of Criminal Procedure 32.2(b)(6).

WHEREFORE, for the reasons stated above, the government requests that this Court grant the motion.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

NANCY RUE
Assistant United States Attorney

Date:

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that a true and correct copy of the MOTION OF UNITED STATES OF AMERICA FOR JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE was served electronically through the District Court Electronic Case System upon:

JOSEPH P. GREEN, JR.
Duffy & Green
138 West Gay Street
West Chester, PA 19380
Phone: 610-692-0500
Email: jpgreen@bellatlantic.net

NANCY RUE
Assistant United States Attorney

Date: