MAM

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 13-395 |
| | : | |
| CHRISTOPHER VEIT | : | |

FILED
JAN 14 2014
MICHAEL E. KUNZ, Clerk
By________Dep. Clerk

**PRELIMINARY ORDER OF FORFEITURE**

AND NOW, this 13th day of Jan, 2014, upon consideration of the government's Motion for Judgment and Preliminary Order of Forfeiture, and, for the reasons set forth in the motion, the Court concludes that the motion should be granted, and it is hereby ORDERED as follows:

1. The Motion of United States of America for Judgment and Preliminary Order of Forfeiture is GRANTED.

2. As a result of the defendant pleading guilty as to Count One, charging trafficking in counterfeit goods, in violation of Title 18, United States Code, Section 2320(a) and Count Two, charging mail fraud, in violation of Title 18, United States Code, Section 1341 of the Information, for which the government sought forfeiture, the defendant shall forfeit to the United States all his right, title, and interest in any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offenses, pursuant to Title 18, United States Code, Section 2323(b), as well as Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461(c).

3. The Court has determined based on the facts set forth at the defendant's plea hearing that the following property is subject to forfeiture as a result of the defendant pleading guilty to Counts One and Two, and the government has established the requisite nexus between such property and such offenses:

a. The sum of $1,000,000.00 in United States currency (forfeiture money judgment);

b. 189 counterfeit watches seized from the Chadds Ford office; and

c. 28 counterfeit watches seized from defendant Cavalieri's house.

4. The Court enters a personal forfeiture money judgment against the defendant in the amount of $1,000,000.00, the Court finding this represents the value of property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense, and any property constituting, or derived from, any proceeds obtained directly or indirectly as a result of the offenses charged in Counts One and Two. See United States v. Vampire Nation, 451 F.3d 189, 202-203 (3d Cir. 2006) (an in personam forfeiture money judgment may be entered against the defendant for the full amount of the criminal proceeds); United States v. Voigt, 89 F.3d 1050, 1084, 1088 (3d Cir. 1996) (government entitled to personal money judgment against defendant equal to amount of funds forfeitable).

5. Any property of the defendant located and forfeited to the United States, after any third-party claims to the property have been resolved, shall reduce the defendant's outstanding liability on the personal forfeiture money judgment.

6. Upon entry of this Order, the United States is authorized to seize the property listed above and to conduct any discovery necessary to identify, locate, or dispose of the property subject to forfeiture, in accordance with Federal Rule of Criminal Procedure 32.2(b)(3).

7. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(6) and Title 21, United States Code, Section 853(n)(1), the United States shall put notice on an official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days, notice of the government's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within 30 days of the receipt of actual notice or within 30 days after the last day of publication on the official internet government forfeiture site, whichever is earlier.

8. The United States, to the extent practicable, shall also provide direct written notice to any person known to have alleged an interest in the property that is subject to this Judgment and Preliminary Order of Forfeiture, or to their attorney, if they are represented, as a substitute for published notice as to those persons so notified. If direct written notice is provided, any person having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within 30 days after the notice is received.

9. Any person, other than defendant, asserting a legal interest in the subject property may, within the time periods described above for notice by publication and for direct written notice, petition the court for a hearing, without a jury, to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Order of Forfeiture, pursuant to Title 21, United States Code, Section 853(n)(6).

10. The petition shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

11. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this Judgment and Preliminary Order of Forfeiture shall become final as to the defendant at sentencing and must be made part of the sentence and included in the judgment. See United States v. Bennett, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

12. After the disposition of any petition filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

13. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests.

14. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

15. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the United States Postal Service ("USPS"), the United States Marshal's Service ("USMS"), and to counsel for the parties.

**HONORABLE MARY A. MCLAUGHLIN**
***Judge, United States District Court***

xc. R. SABOL

cc: U.S.P.S.
U.S. MARSHALS