IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | 13-CR-00395-TMS |
| CHRISTOPHER M. VEIT | : | |

**OPPOSITION TO MOTION**

The United States of America, by its counsel, Jennifer Arbittier Williams, Acting United States Attorney for the Eastern District of Pennsylvania, and Nancy Rue, Assistant United States Attorney for the District, respectfully opposes Defendant's Motion to Dismiss Order Granting Petition for Violation of Supervised Release Or in the Alternative that the Defendant Be Released From Custody Pending a Hearing on the Alleged Violation.

**FACTS**

On March 25, 2021, State Trooper Daniel Sheridan met with a woman who stated that she had been in an abusive relationship with the defendant and needed assistance getting to New York. According to the Trooper's report, the woman was crying uncontrollably, and had visible bruises. She described being in relationship with the defendant since August of 2020, and stated that it had become increasingly violent in the prior two months, with extreme periods of rage. During the encounter with the trooper, the woman stated repeatedly that she "did not want to get anyone in trouble," and she did not want to file a complaint. The Trooper, who was trained in domestic violence response both as a state trooper and as an Emergency Medical Technician, noted that the woman

was extremely nervous and anxious. The Trooper observed bruises and lacerations, and the Trooper noted that the woman displayed multiple indicators of traumatic events while speaking about her history with the defendant.

The woman refused to provide a written statement or record a video interview. The Trooper nevertheless proceeded with an arrest warrant for the defendant, which was issued on March 25, 2021. The Trooper attempted to serve the arrest warrant on the defendant at his home on March 26, 2021, but was unsuccessful. Instead, the defendant contacted the Trooper on March 26, 2021, stating that he was in New York City looking for the woman.[1] The Trooper advised the defendant that there was a warrant for his arrest, and that he needed to turn himself in. The defendant's attorney then contacted the State Police and offered to accompany the defendant to turn himself in on March 29, 2021. Counsel was told that the defendant needed to turn himself in by 6:00 am on March 27, 2021. Counsel confirmed that he would do so. He did not. Instead, the woman went to the State Police barracks and gave a written statement and a recorded interview, stating that she had made up her previous statement in order to get the defendant in trouble. The Trooper concluded that the woman seemed nervous and that her statement appeared rehearsed. He concluded that it was appropriate to proceed with the charges. The following day, on March 28, 2021, the defendant arrived at the State Police barracks with

---

1 The defendant also told the Trooper that he had been in New York with the woman during the prior weekend. The defendant did not have permission from his Probation Officer to be out of the district on either occasion.

his attorney. He was arraigned and released on an unsecured bail, on the condition that he have no further contact with the woman, by any means, direct or indirect.

On April 5, 2021, the probation officer in this matter requested a warrant based on the above charges. This Court issued a warrant the following day. Chester County also issued a warrant based on the defendant's parole status. On April 15, 2021, at 1:25 pm, the defendant sent a text message to his Probation Officer, stating that "I'm on my way to Chester County to turn myself in I should be there within the next 24 hours." The defendant surrendered to the Chester County probation on April 19, 2021.

At a preliminary hearing on April 23, 2021, the case was held for trial after a preliminary hearing, based on the testimony of the Trooper. The defendant filed a habeas petition and sought a rehearing. At a subsequent hearing on the habeas petition, the woman told the court that she had lied when she spoke to the Trooper, and the court dismissed the charges. The defendant has subsequently been transferred to federal custody.

## II. ARGUMENT

### A. The Petition alleges a violation of supervised release, notwithstanding dismissal of the state charges.

The defendant argues that the Petition for a hearing based on the defendant's violation of supervised release should be dismissed, because the woman who made the statements to the state police at issue in the petition has recanted her statement and the state charges were dismissed as a result. However, the question in this Court is not

whether the defendant was convicted of a state crime. The question is the defendant has violated his conditions of release by committing a crime. *United States v. Doe,* 622 F. App'x 174, 176 (3d Cir. 2015). "When the condition is that the defendant not commit a crime, there is no requirement of conviction or even indictment." *United States v. Poellnitz¸* 372 F.3d 562, 566. What is forbidden is illegal conduct. *Id*. Pursuant to 18 U.S.C. § 3583(e)(3), this Court will determine whether the defendant violated a condition of supervised release under the "preponderance of evidence standard."

Accordingly, the government respectfully opposes the defendant's motion to dismiss the Petition.

**B. Detention in this matter is appropriate.**

The defendant asserts that release is appropriate in this case pending a hearing. The government opposes this request.

Rule 46(d) addresses release from custody pending a hearing on a violation of probation or supervised release. This rule provides that Rule 32.1(a)(6) governs such a hearing. Rule 32.1(a)(6), in turn, provides that the magistrate judge release or detain the person under 18 U.S.C.A. § 3143(a)(1), the provision addressing release or detention pending sentencing. That places the burden on the defendant to show that he will not flee or pose a danger pending a hearing on the revocation of probation of supervised release. *See* 3B CHARLES ALAN WRIGHT & PETER J. HENNING, FEDERAL PRACTICE AND PROCEDURE § 771 (4th ed. 2013); *see also United States v. Smith,* 2020 WL 922964 (W.D. Pa. 2020); *United States v. Loya*, 23 F.3d 1529, 1531 (9th Cir. 1994) ("[W]e hold that if a defendant moves for bail pending his or her revocation hearing, the district court

shall determine the person's eligibility for release under the standards of release set forth in 18 U.S.C. § 3143.").

Section 3143(a)(1) creates a rebuttable presumption of detention in this case. This presumption can only be overcome by presenting "clear and convincing evidence that . . . [he] is not likely to flee or pose a danger to the safety of any other person or the community if released." The defendant has not attempted to meet that standard. A detention hearing was held before Magistrate Judge Strawbridge on June 4, 2021. The defendant presented no basis to defeat the presumption, arguing only that the state proceedings had been deficient and had ultimately been dismissed. In the instant motion, the defendant's only attempt to assert that he should be released refers to his adult children.[2] Nothing in that claim overcomes the statutory presumption of detention. The Petition in this case alleges a pattern of domestic abuse, for which the advisory Guideline range is 21 to 27 months' imprisonment. He was told of the outstanding warrant when he was out of the district without permission, and the defendant reported to the State Trooper that he had been out of the district on a previous occasion when he did not have permission. The defendant twice claimed that he would surrender himself at a particular time and place based on an outstanding warrant, but did not do so.

Under these circumstances, the presumption of detention is appropriate, and Magistrate Judge Strawbridge appropriately ordered the defendant detained. The government respectfully asserts that Judge Strawbridge's detention order should not be

---

2 Defendant asserts that his children, "ages 18 and 19," need their father. The defendant's children are actually 19 and 20.

disturbed, and the defendant should be detained pending a hearing on the revocation petition.

Wherefore, the government respectfully requests that the defendant's motion be denied.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
Acting United States Attorney

*/s Nancy Rue*
NANCY RUE
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that the above notice has been filed by electronic filing and served upon Steven Patrizio, counsel for defendant in this case.

/s/ Nancy Rue
Nancy Rue
Assistant United States Attorney

Dated: June 4, 2021