IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 13-395** |
| **CHRISTOPHER VEIT** | : | |

**GOVERNMENT'S VIOLATION OF SUPERVISED RELEASE MEMORANDUM**

The United States of America, by its attorneys, Jennifer Arbittier Williams, Acting United States Attorney for the Eastern District of Pennsylvania, and Nancy Rue, Assistant United States Attorney, respectfully submits this memorandum in advance of the violation of supervised release hearing on June 23, 2021 at 9:30 a.m.

## I. INTRODUCTION

Defendant Christopher Veit was sentenced to 10 years' imprisonment on January 13, 2014, for trafficking in counterfeit goods, mail fraud and possessing a firearm in violation of the Armed Career Criminal Act (ACCA), plus three concurrent terms of supervised release. On June 7, 2017, this Court resentenced Veit to 65 months' imprisonment based on a change in the law related to ACCA, to be followed again by three concurrent three year terms of supervised release.

Veit's supervision began on November 17, 2018. On November 6, 2019, defendant was charged with one count of harassment and assessed a fine and court costs. On December 6, 2019, Veit was charged with a misdemeanor criminal offense of harassment. He pled guilty and was assessed a fine and court costs. As a result of these charges, the Probation Officer sought a modification of the terms of supervision to include a mental health assessment and abide by treatment recommendations. This Court approved the modification on August 14, 2020.

Additionally, the Court directed Veit to adhere to "all child custodial agreement rules, conditions and requirements." ECF 65.

On March 27, 2021, Veit was charged by the Pennsylvania State Police with numerous crimes, including the following:

18 PA 2718(A1), Strangulation, applying pressure to the throat and neck
18 PA 2702(A1), Aggravated assault
18 PA 2701(A1), Simple assault
18 PA 2705, Reckless endangerment of another person.

On April 6, 2021, this Court issued a warrant for the violations of supervised release that are the subject of the upcoming hearing. As detailed in the prior filings in this case, the state charges were dismissed because the victim has recanted her statements. This is, of course, a common outcome in many domestic violence cases where complicated factors determine whether the victim will proceed with the charges.

At the June 23, 2021 hearing, the government will present evidence that the defendant violated his supervised release by assaulting his girlfriend on numerous occasions.

## II. LEGAL STANDARDS

The Court may revoke a defendant's supervised release if it finds "by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3); *United States v. Loy*, 237 F.3d 251, 260 (3d Cir. 2001).

The Rules of Evidence do not apply at revocation hearings. *See* Fed. R. Evid. 1101(d)(3). Accordingly, this Court may consider hearsay evidence if it is reliable. In *United States v. Lloyd*, 566 F.3d 341, 345 (3d Cir. 2009), the Court noted that hearsay that is replete with detail or supported by corroborating evidence has been recognized as reliable, citing *United States v. Bell*,

785 F.2d 640, 644 (8th Cir. 1986); *Crawford v. Jackson*, 323 F.3d 123, 129 (D.C. Cir 2003). In *Crawford*, the court determined that reliance on a detailed police investigative report of domestic abuse was appropriate, despite the victim's failure to testify. *Crawford*, 323 F.3d at 131. Although the evidence need not be admissible, a district court "must base its determination on information that ha[s] sufficient indicia of reliability to support its probable accuracy." *Id.* (quoting *United States v. Rowe*, 919 F.3d 752, 762 n.8 (3d Cir. 2019)). The question is whether the evidence considered as a whole, including the hearsay evidence, is sufficient to prove the violations by a preponderance.

## III. ALLEGED VIOLATIONS OF CONDITIONS OF RELEASE

The petition charges the defendant with violating the condition that the defendant shall not commit another federal, state or local crime. The defendant has committed a Grade A violation if he committed a federal, state or local offense, punishable by a term of imprisonment of more than one year, that was a crime of violence. USSG § 7B1.1(a)(1). A Grade B violation is "conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year." USSG § 7B1.1(a)(2).

The grade of violation depends on which state charges the Court finds proof by a preponderance of the evidence. The following table identifies the grade of the violation associated with each state charge that the government will introduce evidence of:

| State Charge | Grade |
|---|---|
| Strangulation (18 Pa. C.S. § 2718) | Grade A because it is a "crime of violence." *United States v. Sherrell*, 2021 WL 210487 W.D. Pa 1/21/2021). |
| Aggravated assault (18 Pa. C.S. § 2702) | Grade B because it is a second-degree misdemeanor, which has a maximum term of imprisonment of two years. 18 Pa. C.S. § 106(b)(7); 18 Pa. C.S. § 2705.. |

| | |
|---|---|
| Recklessly endangering another person (18 Pa. C.S. § 2705) | Grade B because it is a second-degree misdemeanor, which has a maximum term of imprisonment of two years. 18 Pa. C.S. § 106(b)(7); 18 Pa. C.S. § 2705. |
| Simple assault (18 Pa. C.S. § 2701(a)) | Grade B because it is a second-degree misdemeanor, which has a maximum term of imprisonment of two years. 18 Pa. C.S. § 106(b)(7); 18 Pa. C.S. § 2701(b). |

## IV. EVIDENCE

At the hearing on June 23, 2021, the government intends to present evidence of the alleged violations of supervised release based on the defendant's assaults on his girlfriend.

That evidence includes:

- Testimony of Pennsylvania State Trooper Daniel Sheridan regarding the report by Veit's girlfriend of assault and strangulation;
- Photos of the victim's injuries;
- Testimony of another woman to whom the victim made statements about the assault.
- Testimony of Barbara Ziv, a psychiatrist, regarding common features of intimate partner violence.
- The victim's journal, documenting the abusive relationship.

The government has provided the defendant with copies of the Trooper's report, which includes the photographs, the victim's journal, and the summary of contact with other witnesses to the abuse. The government has also provided the defendant with Dr. Ziv's compilation of the literature regarding common features of intimate partner violence. These are being forwarded to the Court under separate cover.

## V. SENTENCING CONSIDERATIONS

The defendant's guidelines range of imprisonment depends on the highest level of violation found—specifically, 33 to 41 months (Grade A violation), 21 to 27 months (Grade B violation), and 8 to 14 months (Grade C violation).

Because the defendant was initially sentenced to three concurrent terms of supervised release, the Court can elect to revoke the supervision and impose a term of incarceration on one or more counts, and impose a new term of supervised release on the remaining counts. *See* 18 U.S.C. § 3583(h); *United States v. Williams*, 675 F.3d 275 (3d Cir. 2012).

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
Acting United States Attorney

/s/ Nancy Rue
NANCY RUE
Assistant United States Attorney

Dated: June 22, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading has been served by ECF and electronic mail upon defense counsel:

Stephen Patrizio
2 Penn Center, Suite 1205
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102

/s/ Nancy Rue
NANCY RUE
Assistant United States Attorney

Dated: June 22, 2021